IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Thelma Ballew,<br><br>               Plaintiff,<br><br>vs.<br><br>Cannon's Funeral Home and Stewart Services, Inc.,<br><br>               Defendants. | Civil Action No. 6:12-3473-HMH-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the motion of defendant Stewart Enterprises, Inc.[1] to stay proceedings and compel arbitration (doc. 5). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and local Civil Rule 73.02(B)(2)(g) DSC, all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## FACTS PRESENTED

Defendant Stewart Enterprises Inc. ("STEI") provides a complete range of cemetery services. The plaintiff worked for STEI at one of its funeral homes from March 2008 until March 2012. In late 2002, STEI implemented an alternative dispute resolution process, the Mutual Agreement Process ("MAP"), for its employees as a means to resolve disagreements, understandings, and conflicts that arise in the workplace. MAP provides optional steps for employees to address their concerns through the defendant's open door policies and voluntary mediation (doc. 5-1). However, regardless of whether or not an employee elects to pursue these steps, MAP mandates that any employment-related claims be submitted to binding arbitration in lieu of court proceedings (*id.*).

---

[1] The named defendants state in their responses to the Local Civil Rule 26.01 DSC Interrogatories that they are improperly identified in the plaintiff's complaint as Cannon's Funeral Home and Stewart Services, Inc. The proper identification is Stewart Enterprises, Inc. The attorney for Stewart Enterprises, Inc. will accept service of an amended summons and pleading reflecting the correct identification (*see* doc. 7).

MAP does not restrict an employee's right to file a charge with the Equal Employment Opportunity Commission ("EEOC") or a deferral agency such as the South Carolina Human Affairs Commission ("SHAC"). However, MAP mandates that if a Notice of Right to Sue letter is issued, the employee submits the dispute to mediation and/or binding arbitration (*id.* at p. 8).

On March 18, 2008, at the onset of her employment with STEI, the plaintiff signed a MAP Agreement wherein she acknowledged that she is subject to MAP and that both she and the defendant gave up a right to a jury trial on issues covered by MAP (doc. 5-2). Specifically, she agreed to "submit any concerns, complaints or issues arising from [her] employment with the Company using the open door policy, voluntary mediation, or, ultimately, binding arbitration" (*id.*).

The plaintiff filed her complaint in this action on December 7, 2012. The defendant filed the instant motion on January 2, 2013. In her response to the motion, the plaintiff states that she "provisionally consents to the entry of an Order directing that this matter be stayed until it has been resolved by arbitration" (doc. 9 at p. 1). The plaintiff further states that when she filed her complaint in this action she had forgotten that she signed the MAP agreement. She asks that the court stay rather than dismiss the instant action "so that the parties and the Court are not burdened with the filing of a new action to enter a judgment on an award" (*id.*).

## ANALYSIS

The Federal Arbitration Act ("FAA") provides that agreements to arbitrate are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. In enacting Section 2 of the FAA, Congress declared a national policy favoring arbitration and required that all courts rigorously enforce agreements to arbitrate. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991). Recognizing this legislative mandate, the Supreme Court of the United States has held that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983). Further, arbitration agreements in the employment context are

broadly enforceable under the FAA. *Circuit City Stores, Inc. v. Adams,* 532 U.S. 105 (2001), *accord Johnson v. Circuit City Stores, Inc.,* 148 F.3d 373, 377-78 (4th Cir. 1998); *O'Neil v. Hilton Head Hosp.,* 115 F.3d 272, 273-75 (4th Cir. 1997).

Section 4 of the FAA provides that a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States District Court having jurisdiction for an order directing that arbitration proceed in a manner provided for by agreement of the parties. 9 U.S.C. § 4. Where the court is satisfied that the making of the agreement for arbitration or the failure to comply with such an agreement is not in issue, "the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *Id.* Further, Section 3 of the FAA provides that if a suit is brought in a court of the United States based upon any issue referable to arbitration under an agreement in writing for such arbitration, the court shall, upon application of a party, stay the trial of the action until such arbitration has been held pursuant to the agreement, provided the party seeking the stay is not in default in proceeding with such arbitration. *Id.* § 3.

"In order for a court to compel arbitration, the court must first find that an arbitration agreement exists between the parties. If an agreement is found to exist, the court must then decide whether the dispute at issue falls within the scope of the agreement. To determine whether the parties agreed to arbitrate, courts apply state law principles governing contract formation." *Hightower v. GMRI, Inc.*, 272 F.3d 239, 242 (4th Cir. 2001) (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)).

As set forth above, the plaintiff signed a MAP Agreement on March 18, 2008 (doc. 5-2). Under South Carolina law, formation of a valid contract requires an offer, the acceptance of the offer, and valid consideration. *Sauner v. Public Serv. Authority of S.C.*, 581 S.E.2d 161, 166 (S.C. 2003). In this case, the plaintiff accepted STEI's offer by signing the MAP and agreeing to be bound by its terms. Further, the agreement is supported by adequate consideration. The Fourth Circuit Court of Appeals has held that an arbitration agreement is supported by adequate consideration when the parties mutually agree to be bound by the arbitration process and the agreement does not permit the employer to ignore

the results of arbitration. *See e.g., Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 501 (4th Cir. 2002) (finding that the agreement to be bound by arbitration is adequate consideration); *Johnson v. Circuit City Stores*, 148 F.3d 373, 378-79 (4th Cir. 1998) (finding arbitration agreement whether employee and employer are bound gives adequate consideration). Here, the defendant agreed to submit any legal disputes it had with the plaintiff to mediation and/or mandatory binding arbitration, and the plaintiff agreed to submit any complaints arising from her employment with the defendant using the open door policy, voluntary mediation, or mandatory binding arbitration. Adequate consideration has been met as the terms of the agreement provide that the plaintiff and STEI are each bound by the MAP.

Lastly, the dispute at issue falls within the scope of the agreement. MAP covers any "concerns, complaints or issues arising from [the plaintiff's] employment" (doc. 5-2 at p. 2) and includes any legally protected employment right, including matters of discrimination (doc. 5-1 at p. 7). The only employment claims MAP does not cover are claims for workers' compensation benefits, unemployment compensation, or the construction or application of ERISA-governed benefits plans (*id.*). In her complaint, the plaintiff alleges claims for gender and age discrimination and violation of the South Carolina Payment of Wages Act.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, this court recommends that the defendant's motion (doc. 5) be granted. This court further recommends that the defendant's request for attorney fees be denied.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

March 12, 2013
Greenville, South Carolina

4