IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Thelma Ballew, | ) | |
| | ) | C/A No. 6:12-3473-TMC-KFM |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Cannon's Funeral Home and Stewart | ) | |
| Services, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Thelma Ballew ("Ballew") filed this action against the defendant, Stewart Enterprises, Inc. ("Stewart"),[1] alleging job discrimination.  Stewart moved the court to stay proceedings and compel arbitration based on an alternative dispute resolution process, the Mutual Agreement Process ("MAP"), that both parties agreed to use to resolve workplace conflicts.  (Dkt. No. 5).  In her response, Ballew "provisionally consented to the entry of an Order directing that this matter be stayed until it has been resolved through arbitration."  (Dkt. No. 9).

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C.,  United States Magistrate Judge Kevin F. McDonald filed a Report and Recommendation ("Report"), recommending that the court grant Stewart's motion to stay proceedings and compel arbitration, but deny Stewart's request for attorney fees.[2]  Neither party objected to the Report.

---

[1] The named defendants state in their responses to the Local Civil Rule 26.01 DSC Interrogatories that they are improperly identified in Ballew's complaint as Cannon's Funeral Home and Stewart Services, Inc.  The proper identification is Stewart Enterprises, Inc.

[2] The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

In the absence of objections to the Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the Report and the record in this case, the court agrees with the Report and the parties that the MAP governs this dispute. Accordingly, the court adopts the Report and incorporates it herein. Therefore, Stewart's Motion to Stay Proceedings and Compel Arbitration (Dkt. No. 5) is **GRANTED** and Stewart's request for attorney fees is **DENIED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

April 11, 2013
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.